# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TYRONE JEROD COLE, JR.,
    Plaintiff,

vs.

DAVID MCCROSKEY, et al.,
    Defendants.

Case No. 1:18-cv-342
Barrett, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees. This matter is before the Court on defendants' motion to strike plaintiff's reply to defendants' answer to the complaint (Doc. 22) and defendants' first motion for summary judgment (Doc. 23).

## I. Motion to Strike (Doc. 22)

Pursuant to Fed. R. Civ. P. 12(f), defendants move to strike plaintiff's reply to their answer (Doc. 17) from the record. (Doc. 22 at 2). Defendants contend that the Federal Rules of Civil Procedure do not permit a plaintiff to file a reply to an answer unless ordered by the Court. (*Id.*).

Motions to strike are governed by Rule 12(f), which provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Included in Rule 7(a)'s definition of a pleading is "a reply to an answer" if ordered by the Court. Fed. R. Civ. P. 7(a). By the plain language of the rule, a reply to an answer is not appropriate unless ordered by the Court. *Id.* Here, plaintiff filed a reply to defendants' answer in the absence of any such order. Plaintiff's status as a pro se litigant does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure.

*See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Consequently, plaintiff's filing is not permitted by the Federal Rules of Civil Procedure and defendants' motion to strike plaintiff's reply (Doc. 22) is **GRANTED**. It is **ORDERED** that plaintiff's reply to defendants' answer (Doc. 17) is **STRICKEN** from the record.

## II. Order to Show Cause

On January 25, 2019, defendant Lt. Broughton, the only remaining defendant in this case, filed a motion for summary judgment under Fed. R. Civ. P. 56 on the grounds that plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). (Doc. 23). The Court sent plaintiff a notice on January 28, 2019 advising plaintiff that his failure to file a response to the motion within 21 days of the date of service may warrant dismissal of his case against this defendant under Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 24). To date, plaintiff has failed to file a response to the motion.

Plaintiff's failure to file a response to the motion for summary judgment may warrant dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan*, 951 F.2d at 109.

It is therefore **ORDERED** that plaintiff **SHOW CAUSE** in writing, within **twenty (20) days** of the date of this Order, why the Court should not dismiss this case against defendant Lt. Broughton for lack of prosecution.

**IT IS SO ORDERED.**

Date: 5/31/19

Karen L. Litkovitz
United States Magistrate Judge