# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TYRONE JEROD COLE, JR., <br> Plaintiff, <br><br> vs. <br><br> DAVID MCCROSKEY, et al., <br> Defendants. | Case No. 1:18-cv-342 <br> Barrett, J. <br> Litkovitz, M.J. <br><br><br> **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees. This matter is before the Court on defendant Broughton's initial motion for summary judgment addressing plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") (Doc. 23) and plaintiff's response in opposition (Doc. 28).

## I. Background

Plaintiff was granted leave to proceed *in forma pauperis* and filed his complaint on June 18, 2018. That same day, this Court conducted a *sua sponte* review under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and concluded by Report and Recommendation that plaintiff could proceed with his Eighth Amendment claim against defendant Borough, based on his allegations that Borough[1] used excessive force against him on February 9, 2018. (Doc. 5 at 7). The Court determined that plaintiff's remaining claims should be dismissed. (*Id.*). On August 14, 2018, the District Judge adopted the Report and Recommendation, dismissing plaintiff's complaint with the exception of his use of force claim against defendant Broughton. (Doc. 14).

---

[1] On September 6, 2018, the Court granted plaintiff's motion to correct the name of Lt. Borough to "Lt. Broughton." (Doc. 15 at 2).

On January 25, 2019, defendant Broughton filed the present motion for summary judgment. After plaintiff failed to file a response within 21 days, on May 31, 2019, the Court ordered plaintiff to show cause in writing, within twenty days, why the Court should not dismiss this case against defendant Broughton. (Doc. 25). The Court then granted plaintiff an extension of time until July 28, 2019 to file a response in opposition to defendant Broughton's motion for summary judgment. (Doc. 27). On July 31, 2019, the Court received plaintiff's response brief, which was dated July 17, 2019. (Doc. 28).

**II. Summary Judgment Standard**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the

2

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.'" *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of pro se litigants to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter his duty to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp.2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

### III. Exhaustion of Administrative Remedies

#### A. Legal Standard

Exhaustion of administrative remedies "is mandatory under the [Prison Litigation Reform Act ("PLRA")] and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S.

199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

"A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA.'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones*, 549 U.S. at 216). "[T]he failure to exhaust 'must be established by the defendants.'" *Id.* (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)). Thus, defendants bear the burden of proof on exhaustion. *Id.* Because defendants bear the burden of persuasion on exhaustion, their "initial summary judgement burden is 'higher in that [they] must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Id.* at 455-56 (quoting *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (in turn quoting 11 James William Moore et al., Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000))).

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "To properly exhaust a claim, prisoners must tak[e] advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*,

4

548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines. . . ." *Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006)).

The procedure established for resolving inmate complaints in Ohio, codified in Ohio Admin. Code § 5120-9-31, involves a three-step process. First, the inmate is required to file an informal complaint with the direct supervisor of the staff member within fourteen days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(K)(1). Second, if the inmate is unsatisfied with the response to his informal complaint he may file a formal grievance with the inspector of institutional services at his institution of confinement. Ohio Admin. Code § 5120-9-31(K)(2). The inspector of institutional services is required to provide a written response to the inmate's grievance within fourteen calendar days of receipt of the grievance. *Id.* If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal to the office of chief inspector of the Ohio Department of Rehabilitation and Correction ("ODRC") within fourteen days of the disposition of the formal grievance. Ohio Admin. Code § 5120-9-31(K)(3).

**B. Resolution**

Defendant Broughton argues that plaintiff failed to exhaust his administrative remedies as to his Eighth Amendment excessive force claim. (Doc. 23 at 3). Defendant Broughton argues that plaintiff's "grievance history is devoid of an informal complaint or grievance related to the February 9, 2018 incident." (*Id.*). In support of his motion, defendant Broughton presents

5

evidence of plaintiff's inmate grievance history, which shows that plaintiff submitted informal complaints on November 16, 2012, July 26, 2013, August 23, 2016, December 9, 2016, January 4, 2018, January 19, 2018, and July 30, 2018, as well as grievances on November 15, 2011 and February 7, 2018. (Doc. 23-2 at 1). Defendant Broughton also presents the declaration of Eugene Hunyadi, an assistant chief inspector with the ODRC who is a custodian of grievance records. Mr. Hunyadi attests that plaintiff filed seven informal complaints and two grievances between November 2011 and July 2018. (Hunyadi Declaration, Doc. 23-1 at ¶ 13). Mr. Hunyadi attests that plaintiff's February 2, 2018 grievance, which has a filing date of February 7, 2018, complains of alleged harassment and denial of recreation. (*Id.* at ¶ 14). Mr. Hunyadi attests that plaintiff failed to properly file an informal complaint or grievance relating to the alleged February 9, 2018 use of force. (*Id.* at ¶ 16). Defendant Broughton also attaches plaintiff's informal complaint dated January 28, 2018 and grievance dated February 7, 2018, both of which he alleges are unrelated and pre-date the February 9, 2018 alleged use of force incident. (Doc. 23-2 at 2-6).

Plaintiff's response in opposition, which primarily addresses the merits of his excessive force claim, directs the Court's attention to several informal complaints filed as evidence on the docket of this Court in December 2018. (Doc. 28 at 8).[2] Plaintiff argues that the SOCF institutional inspector did not properly log his informal complaints. (*Id.*). In support of his motion, plaintiff attaches the same grievance history included in defendant Broughton's motion for summary judgment, as well as informal complaints submitted on January 2, 2018 and January 28, 2018. (Exh. P, Doc. 28-1 at 23-27).

---

[2] The documents to which plaintiff refers are now sealed. On May 25, 2019, the Court ordered that plaintiff's reply to defendant Broughton's answer to the complaint (Doc. 17) be stricken from the record because it was improperly filed. (Doc. 25).

6

On this record, defendant Broughton has submitted evidence of non-exhaustion that "no reasonable jury would be free to disbelieve." *Surles*, 678 F.3d at 455-56. Based on the Hunyadi declaration, the copy of plaintiff's grievance history, and plaintiff's submissions purporting to demonstrate exhaustion, no reasonable jury would find that plaintiff exhausted his administrative remedies on his excessive force claim against defendant Broughton. The grievance documents attached to plaintiff's response in opposition to defendant's motion for summary judgment, as well as the sealed grievance documents contained in the record, show, at most that plaintiff filed informal complaints on November 8, 2017, December 14, 2017, January 3, 2018, January 4, 2018, January 5, 2018, January 8, 2018, January 9, 2018 and January 19, 2018, as well as a grievance on February 7, 2018. (*See* Doc. 17-1 at 7-17; Doc. 28-1 at 24-27). All of these grievance documents pre-date the February 9, 2018 alleged excessive force incident and completely fail to mention defendant Broughton, let alone any alleged use of force by him. Plaintiff's argument that the grievance history log is "inaccurate" and was "altered" is insufficient to rebut defendant Broughton's evidence of plaintiff's non-exhaustion. Plaintiff has failed to submit any evidence demonstrating that he submitted an informal complaint, grievance, or appeal in relation to the February 9, 2018 alleged excessive force incident.

Accordingly, the Court concludes that plaintiff failed to properly exhaust his administrative remedies for his Eighth Amendment claim against defendant Broughton and plaintiff's claims should be **DISMISSED** without prejudice.[3] *See Boyd v. Corr. Corp. of Am.*,

---

[3] Plaintiff also moves the Court to reinstate defendant McCroskey as a defendant in this matter. (Doc. 28 at 1). Plaintiff's request is **DENIED.** In its June 18, 2018 Report and Recommendation, the Court fully considered plaintiff's claims against then-defendant McCroskey. (*See* Doc. 5 at 10) ("Plaintiff has not alleged that defendant[] . . . McCroskey [was] aware that plaintiff faced a substantial risk of serious harm prior to the September 26, 2016 fight. . . . Plaintiff does allege that McCroskey failed to institute a separation following the 2016 fight. However, as noted above, plaintiff does not allege he suffered any physical harm from a subsequent attack to maintain a claim for money damages."). The District Judge subsequently dismissed the claims against then-defendant McCroskey on August 14, 2018.

7

380 F.3d 989, 994 (6th Cir. 2006) (citing *Knuckles El v. Tooms*, 215 F.3d 640, 642 (6th Cir. 2000)) ("A dismissal under §1997e should be without prejudice."). It is therefore **RECOMMENDED** that defendant Broughton's motion for summary judgment (Doc. 23) be **GRANTED**.

Date: 8/1/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TYRONE JEROD COLE, JR.,
Plaintiff,

vs.

DAVID MCCROSKEY, et al.,
Defendants.

Case No: 1:18-cv-342
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).