**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Tyrone Jerod Cole, Jr.,

    Plaintiff,

vs.                                      Case No. 1:18-cv-00342

David McCroskey, et al.,                Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court on the Magistrate Judge's August 1, 2019 Report and Recommendation ("R&R"). (Doc. 29).

Proper notice was given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file timely objections to the R&R. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections (Doc. 30) and Defendant Broughton responded to those objections (Doc. 31). The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

## I. STANDARD OF REVIEW

When a court receives objections to a magistrate judge's R&R on a dispositive matter, the assigned "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. ANALYSIS

Plaintiff objects to the August 1, 2019 R&R "because it favors the Defense," it "unfairly dismissed the Plaintiff's claim," and the Magistrate Judge ignored "critical evidence" that he introduced to prove that Defendant "submit[t]ed altered and invalid documents to the Court." (Doc. 30). In particular, he contends that, the fact that he has produced informal complaints not found in Defendant's exhibit containing Plaintiff's grievance history—submitted with Defendant's Motion for Summary Judgment—proves that Defendant's exhibit is inaccurate and the Magistrate Judge erred in relying on that exhibit. *Compare* (Doc. 30) *and* (Doc. 28, Attachment 1), *with* (Doc. 28, Attachment 2).

The Magistrate Judge acknowledged "the grievance documents attached to plaintiff's response in opposition to defendant's motion for summary judgment" and the additional grievance documents Plaintiff had previously filed. (Doc. 29 at PageID). She found (1) that all of his submitted grievance documents pre-dated the February 9, 2018 alleged excessive force incident and (2) he failed to provide any evidence demonstrating that he submitted an informal complaint, grievance, or appeal in relation to the February 9, 2018 alleged incident. (Doc. 29 at PageID 269). Nothing in Plaintiff's objections establishes that he submitted a timely informal complaint, grievance, or appeal regarding the alleged February 9, 2018 incident and, thus, could overcome the Magistrate Judge's finding that he failed to properly exhaust his administrative remedies for his excessive force claim against Defendant. Indeed, Plaintiff's assertion that "I did exhaust all my remedies" and he "proved it," without more, does not convince the Court that the Magistrate Judge erred when she found that that "Plaintiff's argument that the grievance

history log is 'inaccurate' and was 'altered' is insufficient to rebut defendant Broughton's evidence of plaintiff's non-exhaustion." (Doc. 29 at PageID 269).

In sum, and based on the Court's de novo review of the filings in this matter, the Court finds Plaintiff's objections unpersuasive and agrees with the findings and recommendation in the R&R.

### III. CONCLUSION

Based on the foregoing, the Court hereby **OVERRULES** Plaintiff's objections (Doc. 30) and **ADOPTS** the Magistrate Judge's August 1, 2019 R&R in its entirety. (Doc. 29). Accordingly, Defendant's Motion for Summary Judgment (Doc. 28) is **GRANTED** and Plaintiff's Response thereto and Motion to Amend (Doc. 28) is **DENIED**. This case is **DISMISSED with prejudice** and the matter shall be **CLOSED and TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

_s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court